UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-14042-CANNON/MAYNARD

UNITED STATES OF AMERICA

vs.

PAUL VERNON HOEFFER,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Paul Vernon Hoeffer ("Defendant") enter into the following agreement:

1. Defendant agrees to plead guilty to Counts One, Two, and Three of the Indictment, which each charge Defendant with interstate transmission of threat to kidnap or injure, in violation of Title 18, United States Code, Section 875(c).

2. Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying, in part, on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the

Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that Defendant may not withdraw the plea solely as a result of the sentence imposed. Defendant is also aware that a sentence imposed under the guidelines does not provide for parole.

3. As to each Count of the Indictment, Defendant understands and acknowledges that the Court may impose a term of imprisonment of up to 5 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 dollars and may order forfeiture.

4. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on Defendant, pursuant to Title 18, United States Code, Sections 3013(a)(2). Defendant agrees that any special assessment imposed shall

be paid at the time of sentencing. If Defendant is financially unable to pay the special assessment, Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as facts concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility.

7. Defendant is aware that the sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court. Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that Defendant may

3

not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant.

9. Defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial; to cross-examine the government's witnesses; to testify on his own behalf; to not be compelled to provide self-incriminating testimony; to call witnesses for the defense; and, to appeal any adverse verdict that may result from a trial. Defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

10. This is the entire agreement and understanding between this Office and Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 1/21/2022

LUISA HONORA BERTI
ASSISTANT UNITED STATES ATTORNEY

Date: 1/21/22

MICHAEL OHLE
ATTORNEY FOR DEFENDANT

Date: 1.21.22

PAUL VERNON HOEFFER
DEFENDANT

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-14042-CANNON/MAYNARD

UNITED STATES OF AMERICA

vs.

PAUL VERNON HOEFFER,

                Defendant.
_____/

## ACKNOWLEDGEMENT OF OFFENSE ELEMENTS
## AND STIPULATION AS TO FACTUAL BASIS FOR GUILTY PLEA

      I, PAUL VERNON HOEFFER, together with my counsel, and with the United States of America, by and through the undersigned Assistant United States Attorney, agree that the facts set forth below are true and accurate and that the United States of America could prove these facts against me at a trial. I am pleading guilty to Counts 1, 2, and 3 of the indictment, which each charge me with: interstate transmission of threats to kidnap or injure, in violation of Title 18, United States Code, Section 875(c).

      I am pleading guilty because I did knowingly transmit in interstate or foreign commerce, any communication containing any threat to injure the person of another. I am pleading guilty because I am, in fact, guilty of these charges. I stipulate that these allegations, elements of the crime, and the following recitation of facts shall constitute the underlying factual basis for the entry of the plea of guilty in this case:

1

## NATURE OF CHARGES TO WHICH I AM PLEADING GUILTY

I am aware of and understand the nature of the charges to which I am pleading guilty because I have discussed with my attorney the charges and what the prosecutor must prove to convict me. I understand that the United States must prove the following facts and elements of the offenses beyond a reasonable doubt:

### Interstate Transmission of Threats to Kidnap or Injure, in violation of 18 U.S.C. § 875(c)

1. the defendant knowingly sent a message in interstate or foreign commerce containing a true threat to injure the person of another; and

2. the defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

A "true threat" is a serious threat – not idle talk, a careless remark, or something said jokingly – that is made under circumstances that would place a reasonable person, or another person, in fear of being injured.

## STIPULATED FACTS

On or about March 28, 2019, United States Capitol Police (USCP) Threat Assessment Section (TAS) notified the Federal Bureau of Investigation (FBI) of threatening telephone calls received by Congressperson Nancy Pelosi's (N.P.) Washington D.C. office. The telephone number that placed the calls and left a recorded

message was (772) XXX-XXXX,[1] which T-Mobile records indicated was a cellular telephone account assigned to PAUL HOEFFER.

During his initial call, HOEFFER told a staff assistant, "Tell that cunt to step down or I'm going to come a long, long way to rattle her head with bullets. That's a fucking promise."

Approximately one hour later, HOEFFER again called and told a staff assistant, "Tell that cunt I'm coming to cut her fucking head off." At this point, the staff assistant transferred the call to the USCP TAS Duty Desk. Special Agent Joshua Bank answered and asked HOEFFER if he had used any concerning language while speaking with the staff assistant. HOEFFER denied making any threats and then asked SA Bank, "you know how hard it is to prove someone made a threat?" SA Bank then advised HOEFFER of the criminal penalties for making threats, and HOEFFER responded that he was not concerned with a life sentence because he had lived a long life already.

HOEFFER left an additional recorded message for victim N.P., stating, "Hey you fucking cunt, Nancy, get ready to get your fucking head cut off Jihadist style, you little fucking cunt. Sleep with one eye open, we're coming to get you. America's tired of this shit . . . all-out war. Bunch of you fucks are gonna die."

---

[1] HOEFFER'S full telephone number is being redacted purposefully to comport with non-disclosure of PII and is intended to be the same number everywhere it appears redacted in this document.

Subscriber information and GPS location data for these calls resolved to Paul HOEFFER in and around St. Lucie County.[2]

On or about March 27 through March 29, 2019, the Cook County State's Attorney Office, located in Illinois, received, and subsequently notified the FBI about, threatening telephone calls (seven) received in the form of voicemail messages directed at State Attorney Kim Foxx (K.F.), coming from (772) XXX-XXXX. Subscriber information and GPS location data for these calls resolved to Paul HOEFFER, in and around the St. Lucie County area. On March 28, 2019, HOEFFER left a message stating, "Yeah, I want to speak to the nigger cunt. Sleep with one eye open, you fucking cunt." Approximately thirty minutes later, HOEFFER called again stating, "I want to speak to the nigger cunt, Kim Foxx. What a fucking douchebag nigger you are. Bullets are going to rattle your fucking brain, cunt."

On November 11, 2020, Congressperson Alexandria Ocasio-Cortez's (A.O.C.) New York office received a threatening voicemail message from (772) XXX-XXXX, which T-Mobile records indicated was a cellular telephone number assigned to PAUL HOEFFER. During the recorded message, HOEFFER said, "You're away from the phone fucking the American people. Listen here you little communist cunt—I'll rip

---

[2] After receiving the report of this threat toward N.P., and prior to the FBI learning about any additional calls made by HOEFFER, FBI agents visited HOEFFER at his home where he was questioned and advised to discontinue making threating calls to Congress. HOEFFER apologized and told FBI agents he would not make any additional threatening calls.

4

your head off and shit down your neck, you little fucking cunt. Do you understand me? The civilian army. Keep one eye open when you sleep, you little fucking cunt. Your mama's pussy stinks, and your daddy don't wash his fucking ass. You should have been aborted you little [unintelligible]."

Subscriber information and GPS location data for this call also resolved to Paul HOEFFER in and around the Palm Beach County area.

The circumstances under which each of these calls were made placed each person or persons receiving these calls in fear that the targets of the threats would be injured.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 1/21/2022

LUISA HONORA BERTI
ASSISTANT UNITED STATES ATTORNEY

Date: 1/21/22

MICHAEL OHLE
ATTORNEY FOR DEFENDANT

Date: 1.21.22

PAUL VERNON HOEFFER
DEFENDANT

5